Filed 5/20/21  P. v. Speegle CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C080074 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF201021632) |
| v. | |
| BRANDON ALEXANDER SPEEGLE, | |
| Defendant and Appellant. | |

In the guilt phase of defendant's trial, a jury found defendant guilty of unlawful driving or taking of a vehicle without the consent of the owner.  (Veh. Code, § 10851, subd. (a).)  In the sanity phase, a different jury found defendant not guilty by reason of insanity.  The trial court ordered defendant committed to the Napa State Hospital for a period of seven years, less time served.

1

Less than three years later, defendant filed a petition pursuant to Penal Code section 1026.2 for transfer to outpatient treatment.[1]  After a hearing, the trial court denied defendant's petition.

Defendant appealed, asserting that substantial evidence did not support the trial court's determination, and therefore that determination should be reversed, his petition granted, and he should be discharged to a conditional release program (CONREP).

After briefing was initially completed, defendant was released to outpatient treatment under the supervision of CONREP in April 2019.  Upon learning of this development, we requested supplemental briefing as to whether defendant's appeal had been rendered moot by his release to outpatient treatment.  The Attorney General asserted defendant's appeal indeed had been rendered moot.  Defendant agreed, as do we.  We dismiss defendant's appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In an information filed May 24, 2010, defendant was charged with unlawful driving or taking of a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a); Count 1).  The information further contained enhancement allegations alleging defendant had a prior serious felony conviction (§ 667, subds. (b)-(i)), and that he had a prison commitment prior (§ 667.5, subd. (b)).

Defendant entered pleas of not guilty and not guilty by reason of insanity.  At the guilt phase, a jury found defendant guilty of count 1, unlawful driving or taking of a vehicle without the consent of the owner.  (Veh. Code, § 10851, subd. (a).)  The trial court subsequently found the two enhancement allegations to be true.

In the sanity phase, a first jury deadlocked on the issue and the trial court declared a mistrial.  A second jury found defendant not guilty by reason of insanity.  The trial

---

[1]  Further undesignated statutory references are to the Penal Code.

2

court ordered an evaluation on placement recommendations from the Central Valley Conditional Release Program (CV CONREP) pursuant to section 1026, subdivision (b). When submitted, that report stated that defendant was not an appropriate candidate for community outpatient treatment with CV CONREP because he presented symptoms of mental illness but refused and was not receiving any psychotropic medication, he told his evaluators he would not take medication and that he did not believe that he had a mental illness, and he had a history of assault with a deadly weapon and possession of a firearm. On May 19, 2011, the trial court ordered defendant committed to the Napa State Hospital for a period of seven years, less time served.

Defendant filed a petition pursuant to section 1026.2 for transfer to outpatient treatment. After a hearing, the trial court denied the petition, determining defendant failed to meet his initial burden of proving that, if released to outpatient treatment, he would not be a danger to the health and safety of others. Defendant appealed, raising the issue of the appropriate standard of review, and asserting that substantial evidence did not support the trial court's determination.

On March 29, 2017, defendant's commitment was extended for an additional two-year period. In an order dated April 8, 2019, the trial court ordered defendant released to outpatient treatment through April 26, 2020. An order dated April 25, 2019, extended defendant's commitment to April 26, 2021, and stated he was to remain in the CONREP program.[2]

Upon learning of these developments, we requested supplemental briefing from the parties as to whether defendant's appeal has been rendered moot as a result of his April 2019 release to outpatient treatment under the supervision of CONREP.

---

[2] We note that, while the April 25, 2019, order extended defendant's commitment to April 26, 2021, it only ordered defendant to remain in CONREP until April 26, 2020. It is not clear whether this difference was deliberate or erroneous.

In supplemental briefing, the Attorney General asserted that defendant's appeal had been rendered moot and should be dismissed. The Attorney General noted that defendant's contention on appeal was that substantial evidence did not support the trial court's determination that he posed a risk of danger to others if released to an outpatient treatment program. The sole relief sought by defendant was that the judgment be reversed and that he be ordered into CONREP. Thus, defendant's April 2019 release to outpatient treatment granted defendant the relief he sought on appeal, and, accordingly, his appeal was rendered moot. The Attorney General further maintained that "whether defendant is still on outpatient status is irrelevant. His April 2019 release to outpatient status gave him the relief he requested in his 2016 appellate briefing."

In his supplemental brief, defendant stated only: "This is [defendant's] response to the Court's order for supplemental briefing on whether [his] April 21, 2019 release to a CONREP program moots his appeal, seeking such a release. As the Attorney General argues, it would have that effect, even if he did not remain in the outpatient program."

## DISCUSSION

" 'As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions " ' " 'upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " [Citation.] "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." ' " (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321 (*Gregerson*), quoting *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.)

We agree with the parties that defendant's release to outpatient treatment under the supervision of CONREP rendered his appeal moot. The relief defendant requested on appeal was: "The judgment should be reversed, and appellant ordered into CONREP." Thus, the occurrence of events—defendant's release to CONREP—has rendered it impossible for us to grant defendant effective relief. (*Gregerson, supra*, 202 Cal.App.4th

4

at p. 321.)  Defendant "has already received the relief he seeks from us."  (*Ibid.* [appellant's placement in outpatient treatment rendered moot his appeal from an order declining to place him in outpatient treatment].)

There are three discretionary exceptions to the mootness doctrine.  These exceptions are:  "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination."  (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480; see also *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122 [invoking exception to mootness where an issue is " 'capable of repetition, yet evading review' "].)  Neither the Attorney General nor defendant urge us to decide the issues presented on defendant's appeal based on an exception to the mootness doctrine.  We decline to do so.

### DISPOSITION

The appeal is dismissed.

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
DUARTE, J.

5